UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| VERNELUS EUJERSON | CIVIL ACTION NO. 6:11-cv-0851 "P" |
| VERSUS | JUDGE MELANÇON |
| WARDEN VIATOR; ERIC HOLDER, PHILLIP MILLER | MAGISTRATE JUDGE HANNA |

# **REPORT AND RECOMMENDATION**

Pending before this Court is the respondents' motion to dismiss the *habeas corpus* petition filed by Vernelus Eujerson. (Rec. Doc. 11). This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED.

## ANALYSIS

On June 6, 2011, Vernelus Eujerson initiated this lawsuit, filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Rec. Doc. 1). In his petition, Eujerson alleges that he was a native and citizen of Haiti, that he was detained at the South Louisiana Correction Center in Basile, Louisiana, and that he had been in the custody of the United States Immigration and Customs Enforcement ("ICE") since

September 20, 2007 (Rec. Doc. 1 at 5) or since December 6, 2010 (Rec. Doc. 10 at 2). He also alleges that he was ordered removed from the United States on September 9, 2010 (Rec. Doc. 10 at 2) or on December 6, 2010 (Rec. Doc. 1 at 5) but that his removal was delayed because of the earthquake and subsequent cholera epidemic in Haiti.

Eujerson argues that, under *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001), six months is the presumptively reasonable time period during which ICE may detain an alien in order to effectuate his removal. He further argues that the presumptively reasonable time period has elapsed. Eujerson argues that his continued detention beyond the presumptively reasonable six month time period constitutes a statutory violation, a substantive due process violation, and a procedural due process violation. Eujerson prays that a writ of *habeas corpus* be issued directing that he be released from custody.

On July 5, 2011, the undersigned ordered Eujerson's petition served on the government defendants and further ordered the defendants to answer the petition and inform the undersigned whether there was a significant likelihood of removal in the reasonably foreseeable future or whether Eujerson's detention is otherwise lawful. (Rec. Doc. 2).

On July 27, 2011, the government responded to Eujerson's petition (Rec. Doc. 9), advising that the temporary suspension of removal of Haitians following the January 12, 2010 earthquake in Haiti had been lifted and that ICE did not anticipate any difficulty with the issuance of a travel document for Eujerson. The government advised that Eujerson "is scheduled to be removed [to Haiti] in the foreseeable future." (Rec. Doc. 9 at 7).

In fact, Eujerson was released from ICE custody on October 18, 2011, pursuant to an order of supervision. (Rec. Doc. 11-2).

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of *habeas corpus* to persons "in custody in violation of the Constitution or laws or treaties of the United States . . . ." Eujerson was detained when his petition was filed and, therefore, the "in custody" requirement for *habeas* review was satisfied. After his petition was filed, however, Eujerson was released from custody. (Rec. Doc. 11-2). Eujerson's release from ICE detention rendered his petition for a writ of *habeas corpus* moot.

Since the undersigned finds that Eujerson is no longer in ICE custody, the undersigned recommends that the government's motion to dismiss (Rec. Doc. 11) be GRANTED, and that Eujerson's petition for writ of *habeas corpus* (Rec. Doc. 1) be DISMISSED WITHOUT PREJUDICE as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 16th day of January 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)